1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9   JOHNNY J. NAVARRO,

10              Petitioner,                    No. CIV S-10-3377 WBS GGH P

11        vs.

12   S. SALINAS,

13              Respondents.              <u>FINDINGS & RECOMMENDATIONS</u>

14   _____/

15              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

16   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2009 decision by the California

17   Board of Parole Hearings (BPH) finding him unsuitable for parole.[1]

18              On January 24, 2011, the United States Supreme Court in a per curiam decision

19   found that the Ninth Circuit erred in commanding a federal review of the state's application of

20   state law in applying the "some evidence" standard in the parole eligibility habeas context.

21   <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011).

22   Quoting, inter alia, <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed

23

---

24        [1] In addition to arguing there was not "some evidence" petitioner also contends that a
    seven year denial until his next parole hearing pursuant to Proposition 9 was improper.  As this
25   claim is not properly brought in habeas petition and as petitioner is part of the class action,
    <u>Gilman v. Fisher</u>, CIV-S-05-0830 LKK GGH, this claim should also be dismissed without
26   prejudice.

1   that "'federal habeas corpus relief does not lie for errors of state law.'" Id.   While the high court

2   found that the Ninth Circuit's holding that California law does create a liberty interest in parole

3   was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the

4   Supreme Court stated:

5   　　　　When, however, a State creates a liberty interest, the Due Process
        Clause requires fair procedures for its vindication-and federal
6       courts will review the application of those constitutionally required
        procedures. In the context of parole, we have held that the
7       procedures required are minimal.

8   Swarthout v. Cooke, at *2.

9   　　　　Citing Greenholtz,[3] the Supreme Court noted it had found under another state's

10  similar parole statute that a prisoner had "received adequate process" when "allowed an

11  opportunity to be heard" and "provided a statement of the reasons why parole was denied."

12  Swarthout, at *2.   Noting their holding therein that "[t]he Constitution [] does not require more,"

13  the justices in the instances before them, found the prisoners had "received at least this amount of

14  process: They were allowed to speak at their parole hearings and to contest the evidence against

15  them, were afforded access to their records in advance, and were notified as to the reasons why

16  parole was denied."   Id.

17  　　　　The Supreme Court was emphatic in asserting "[t]hat should have been the

18  beginning and the end of the federal habeas courts' inquiry...."   Swarthout, at *3.   "It will not do

19  ────────────────

20  　　　[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en
        banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
21      which further explained Hayward.   Thus, the Supreme Court's decision in Swarthout, essentially
        overruled the general premise of Hayward.   When circuit authority is overruled by the Supreme
22      Court, a district court is no longer bound by that authority, and need not wait until the authority is
        also expressly overruled.   See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23      banc).   Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
        overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24      decisions do not expressly overrule the prior circuit precedent."   Miller, 335 F.3d at 899 (quoting
        Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).   Therefore, this court
25      is not bound by Hayward.

26  　　　[3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." <u>Id</u>.

2  "No opinion of ours supports converting California's "some evidence" rule into a substantive

3  federal requirement." <u>Id</u>.  Thus, it appears there is no federal due process requirement for a

4  "some evidence" review and it also appears that federal courts are precluded from review of the

5  state court's application of its "some evidence" standard.  Therefore, this case should be

6  dismissed.

7          Accordingly, IT IS HEREBY RECOMMENDED that this petition be dismissed.

8          If petitioner files objections, he shall also address if a certificate of appealability

9  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

10  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

11  constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

12  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

13          These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

15  days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18  shall be served and filed within fourteen days after service of the objections.  The parties are

19  advised that failure to file objections within the specified time may waive the right to appeal the

20  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: February 4, 2011              /s/ Gregory G. Hollows

22                            _____

23                                GREGORY G. HOLLOWS
                                  UNITED STATES MAGISTRATE JUDGE

24  nava3377.parole.scrn.

25

26